**C. A. SMITHHART, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46919.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Rehearing Denied Jan. 16, 1974.

L. Royce Coleman, Jr., Denton, for appellant.

John Lawhon, Dist. Atty., and Phillip O. Vick, Asst. Dist. Atty., Denton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for operating a motor vehicle upon a public highway while under the influence of drugs to a degree which renders the driver incapable of safely operating and driving such vehicle. After the jury returned a verdict of guilty, punishment was assessed by the court at thirty (30) days confinement in jail and a fine of one hundred dollars; however, no judgment was rendered thereon and appellant was placed on probation for a period of six (6) months under the provisions of Article 42.13, Vernon's Ann.C.C.P.

Appellant contends that the evidence is insufficient to support the conviction.

The record reflects that appellant was arrested following an accident on the east

service road to Interstate I–35 near West Main Street in Lewisville on April 22, 1972. The sole witness to testify at the trial was Gene Bolden, an officer of the Lewisville Police Department on the date in question. According to Bolden, appellant identified himself as one of the drivers in the collision. Bolden's observations of appellant were that appellant was "incoherent, his eyes were glassy, the pupils were dilated, and he was unsure of himself." Appellant told Bolden that he had been to the doctor's office for treatment of a broken foot where he had received a shot for pain; that he had several drinks of vodka earlier in the day and that he had taken seven valiums that day.

The record affirmatively reflects that Bolden could not testify that taking valium tablets would influence appellant's driving. Furthermore, the trial judge sustained appellant's objections to the prosecutor's questions concerning Bolden's opinion of whether appellant was under the influence of drugs.[1]

Bolden was a police officer for four months, and was a welder at the time of trial. The record does not reflect how long he had been a police officer at the time appellant was arrested.

■ The rule in driving while intoxicated cases is that in the absence of direct (opinion) testimony, intoxication may be shown by circumstantial evidence. See Gilder v. State, 474 S.W.2d 723 (Tex.Cr. App.1972); Warren v. State, 131 Tex.Cr. R. 303, 98 S.W.2d 197 (1936). Furthermore, a non-expert witness may express his opinion that a person was drunk based on his observations of the accused. See Garza v. State, 442 S.W.2d 693 (Tex.Cr. App.1969); Inness v. State, 106 Tex.Cr.R. 524, 293 S.W. 821 (1926). However, the rule as to whether a non-expert witness may testify whether a person is under the influence of drugs is different. For example, in Hudson v. State, 453 S.W.2d 147 (Tex.Cr.App.1971), this court stated:

"He also maintains that the court erred in permitting the arresting officer to testify as to his opinion that appellant was under the influence of drugs. *The officer had many years of experience, had often dealt with people in this condition, and was qualified to do so.*" (Emphasis supplied.)

In Pointer v. State, 467 S.W.2d 426 (Tex.Cr.App.1971), this court stated:

"Again, the physical condition of the appellant, even including the fact that he was under the influence of narcotics, is a material circumstance to the commission of the offense . . . *The fact that Hustedt had experience dealing with narcotics* and had an opportunity to observe and did observe the appellant made him competent to form an opinion as to whether the appellant was under the influence of narcotics." (Emphasis supplied.)

Since there is an absence of opinion testimony by a qualified witness as to whether appellant was under the influence of drugs, we look to see whether the State has shown by circumstantial evidence that appellant committed the offense in question.

■ While it is true that the trial court submitted a charge embracing the law of circumstantial evidence, we find that the evidence is insufficient to support the jury's verdict. The only incriminating facts against appellant were shown by the testimony of a single witness. This witness, Bolden, testified: that appellant's speech was incoherent and his eyes glassy; that the point of impact of the accident was two feet from the center strip of the highway in the inside lane; that appellant stated he had just come from the doctor's office and that he was taking valium; that appellant stated he had been drinking vodka earlier that morning; and that appel-

---

1. Appellant's objection was sustained on the basis that the question called for a conclu-

sion without a proper predicate, in that it wasn't proved that Bolden was an expert.

lant had in his possession an empty prescription bottle.[2] Bolden's only knowledge concerning valium was that "he heard" that it would give a person some symptoms of being drunk or intoxicated. Such hearsay information is without probative value and cannot be considered in determining the sufficiency of the evidence to support a conviction. See Payne v. State, 480 S.W.2d 732 (Tex.Cr.App.1972).

The missing essential element is a showing which would connect the symptoms observed by Bolden to a conclusion that appellant was under the influence of a drug to a degree rendering him incapable of safely operating a vehicle. Just as there was an absence of evidence to qualify Bolden to give his opinion on this point, so was there an absence of any other evidence from which the jury could draw such a conclusion. Unlike alcoholic intoxication, which is "of such common occurrence" that its recognition requires no expertise as in Inness v. State, supra, this court is unable to say that such is the case with being under the influence of drugs.

The State urges that under this court's decision in Kessler v. State, 136 Tex.Cr.R. 340, 125 S.W.2d 308 (1938), appellant could have been charged with driving while intoxicated or driving while under the influence of drugs and there would have been sufficient evidence to support a conviction of either. In Kessler v. State, supra, it was held that where a person gets himself in a condition whereby he may become intoxicated from a lesser quantity of whiskey than it would ordinarily take to produce intoxication he is nevertheless intoxicated from the use of whiskey. See Miller v. State, 170 Tex.Cr.R. 406, 341 S.W. 2d 440 (1960).

To urge that the consumption of vodka caused appellant to come under the influence of drugs with the taking of a lesser quantity of drugs than would ordinarily produce such result is to assume that the appellant had been taking a drug and that the drug he had been taking affected him "to a degree which would render him incapable of safely driving a vehicle." The proof will not support such assumptions. We conclude that the evidence is insufficient to support the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

2. The prescription bottle in question was apparently returned to appellant and not introduced into evidence.