**Billy Don ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48410.**

Court of Criminal Appeals of Texas.

May 8, 1974.

Rehearing Denied May 29, 1974.

Stan Brown, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On November 21, 1973, appellant entered a plea of guilty to the offense of theft of property over the value of $50.00; punishment was assessed at three years. The imposition of the sentence was suspended and probation granted. One of the terms and conditions of probation was to "avoid injurious or vicious habits; specifically alcoholic beverages, harmful drugs or narcotics."

On December 4, 1973, a motion to revoke probation was filed. The allegations set out that appellant "on or about the 25th day of November, 1973, in the County of Callahan and State of Texas, failed to avoid injurious or vicious habits, to-wit: sniffing paint fumes and thereafter did drive an automobile while under the influence of paint fumes."

Appellant contends that the trial court abused its discretion in revoking his probation because of the insufficiency of the evidence. After reviewing the record, we agree.

The terms and conditions of probation regarding injurious and vicious habits limited and clarified what was understood thereby with the phrase: "specifically, alcoholic beverages, harmful drugs, or narcotics." The allegations of the motion to revoke allege a violation committed by "sniffing paint fumes and thereafter did drive an automobile while under the influence of paint fumes." The record reveals some kind of use of aluminum paint, but is absolutely devoid of any evidence of any drug contained therein, or of the harmful or narcotic character of any element of the aluminum paint. We are unable to say as a matter of law that aluminum paint is a harmful drug or narcotic. Cf. Smithhart v. State, Tex.Cr.App., 503 S.W.2d 283.

Of course, the conditions of probation may be altered by the court in accordance with Article 42.12, Sec. 6, Vernon's Ann. C.C.P., but, upon the terms in existence at the time probation was here revoked, there is no evidence to support a finding that appellant violated the stated condition.

Accordingly, the judgment is reversed and the cause remanded.