NO. 07-03-0481-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 25, 2005

_____

TONY THEODORE GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 9086; HONORABLE JOHN W. LAGRONE, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Upon a plea of not guilty, appellant Tony Theodore Garcia was convicted by a jury of intoxication manslaughter and punishment was assessed by the trial court at 20 years confinement. Presenting two points of error, appellant contends (1) he was harmed by

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

counsel's ineffectiveness in stipulating to his blood alcohol test results and failing to object to a purported expert witness's testimony regarding retrograde extrapolation, and (2) the evidence was legally and factually insufficient to support his conviction. We affirm.

After 9:00 p.m. on September 26, 2002, appellant and Jimmy Diaz drank beer and appellant smoked marihuana at Diaz's house. According to Diaz, he and appellant each drank seven to eight beers, appellant slept approximately four to four and one-half hours, and the next morning each left the house in separate cars. At approximately 7:50 a.m., Kayla Dawn Cox was fatally injured when her car was hit from the rear by the car driven by appellant at the intersection of Highway 136 and Deahl Road in Hutchinson County. By count one, the Grand Jury indicted appellant for intoxication manslaughter and by count two for recklessly causing the death of the victim. Upon conclusion of the evidence, the court submitted the two counts to the jury *via* the charge and also submitted a charge of criminally negligent homicide.

By his first point of error, appellant contends he was harmed by counsel's ineffectiveness in stipulating to his blood alcohol test results and failing to object to a purported expert witness's testimony regarding retrograde extrapolation. We disagree.

Our review of representation by defense counsel is highly deferential, Tong v. State, 25 S.W.3d 707, 712 (Tex.Cr.App. 2000), *cert. denied*, 532 U.S. 1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001), and requires that we engage a "strong presumption" that counsel's actions fell within the wide range of reasonably professional assistance. *See* Strickland v.

2

Washington, 466 U.S.668, 687 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Also, appellant has the burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Chambers v. State, 903 S.W.2d 21, 33 (Tex.Cr.App. 1995).

At trial, witness Rhoden, a licensed EMT, testified he could smell alcohol on appellant six feet away and, in his opinion, appellant was intoxicated. Witness Espino observed appellant stumbling around, smelled alcohol on him, and stated appellant was "most definitely" intoxicated. Also, she testified appellant admitted he had stayed up all night partying. In addition, one DPS trooper testified appellant had a strong smell of alcohol and Trooper Vennell testified that, in his opinion, appellant was intoxicated even while he was in the emergency room at Northwest Texas Hospital. Because a non-expert witness may express an opinion that a driver was intoxicated, *see* Smithhart v. State, 503 S.W.2d 283, 285 (Tex.Cr.App. 1973), considering the non-expert witness testimony available to the State, we are unable to conclude counsel's performance could not be considered sound trial strategy. Point of error one is overruled.

By his second point of error, appellant contends the evidence was legally and factually insufficient to support the conviction. Specifically, he argues the State failed to show his intoxication was the victim's cause of death as required by section 49.08(2) of the Texas Penal Code Annotated (Vernon 2003). We disagree.

3

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003).

In conducting a legal sufficiency review, we examine the verdict, after viewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). This standard is the same in both direct and circumstantial evidence cases. *Burden*, 55 S.W.3d at 612-13. In measuring the sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

4

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. As an appellate court, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004). It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination. *Johnson*, 23 S.W.3d at 8.

Before determining whether the evidence is sufficient to support appellant's conviction, we must review the essential elements the State was required to prove. In this regard, the intoxication manslaughter statute provides in part:

> (a) A person commits an offense if the person:
>> (1) operates a motor vehicle in a public place . . . ; and
>> (2) is intoxicated and by reason of that intoxication causes the death of another by accident or mistake.

Tex. Pen. Code Ann. § 49.08. As presented in Glauser v. State, 66 S.W.3d 307, 313 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd), here too, appellant correctly contends the

5

State must prove that his intoxication, not just operation of the vehicle, caused the fatal accident.

The accident occurred at 7:50 a.m., but appellant's blood sample was not taken until 10:11 a.m. on September 27, 2002. By his argument, appellant does not suggest he was not operating his vehicle when it hit the car driven by the victim from the rear or that the accident was caused by poor visibility or road or traffic conditions. Instead, he focuses his challenge on his alleged state of intoxication at the time of the accident. In this regard, appellant contends the toxicology lab report showing his alcohol-intoxication level to be below the legal level of intoxication is controlling. Accordingly, we will review the sufficiency of the evidence in the context of appellant's contention.

Appellant overlooks the testimony of witness Espino, a teacher at Borger ISD, who testified about her observations at the scene of the accident. According to her testimony which was admitted without objection, she stated, that in her opinion, appellant was most definitely intoxicated when she talked with him at the scene of the accident. Moreover, according to the witness, appellant stated "Well, this is what I get for staying up all night at Jimmy's house and partying." The jury having been properly charged, the testimony of Espino was sufficient evidence from which the jury could find beyond a reasonable doubt that appellant caused the death of the victim by reason of intoxication. Concluding the evidence is legally sufficient to support the conviction, we must now determine whether it is factually sufficient. *Johnson*, 23 S.W.3d at 11.

6

In our analysis of appellant's first point, we noted Texas law does not require that appellant's state of intoxication be established by scientific evidence or expert testimony. Instead, the opinion of a non-expert witness may be admitted to establish that a person is intoxicated. *Smithhart*, 503 S.W.2d at 285. Also, in discussing appellant's first point, we reviewed the relevant testimony of two DPS troopers, an EMT, and witness Espino, mentioned above. All of these witnesses testified that in their opinion, appellant was intoxicated when they met with him after the accident. Noting that appellant does not direct our attention to any contrary evidence, because the jury's verdict relied on its assessment of the credibility of the witnesses, we defer to its findings and hold the evidence was factually sufficient to support the jury's verdict that the victim's death was caused by appellant's intoxication. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.