NO. 07-06-0093-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 9, 2006


______________________________



MICHAEL D. PHILLIPS AKA ANDRICK ADAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-407958; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant Michael D. Phillips aka Andrick Adams has given notice of appeal from a
judgment of conviction and sentence for the offense of possession of a controlled
substance. The appellate court clerk received and filed the trial court clerk's record on
March 28, 2006. The trial court reporter's record was filed on April 25, 2006. 

 By letter dated July 17, 2006, the appellate clerk reminded counsel for appellant that
appellant's brief was due on July 10, 2006, and that neither the brief nor a motion for a
further extension of time had been received. Counsel for appellant was further advised by
such letter that if no response to the letter was received by July 27, 2006, the appeal would
be abated to the trial court for hearing pursuant to Rule of Appellate Procedure 38.8(b). 
No response has been received. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: 

 (1) whether appellant desires to prosecute this appeal; 


 if appellant desires to prosecute this appeal, then whether appellant
is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; 
 if appellant desires to prosecute this appeal, whether appellant's
present counsel should be replaced; and
 what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal
if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be
diligently pursued.



If the trial court determines that the present attorney for appellant should be replaced, the
court should cause the clerk of this court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed or newly-retained attorney. 

 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental 

reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than September 11, 2006.


 Per Curiam





Do not publish. 




 a driver was intoxicated, see Smithhart v. State, 503 S.W.2d
283, 285 (Tex.Cr.App. 1973), considering the non-expert witness testimony available to the
State, we are unable to conclude counsel's performance could not be considered sound
trial strategy. Point of error one is overruled.

 By his second point of error, appellant contends the evidence was legally and
factually insufficient to support the conviction. Specifically, he argues the State failed to
show his intoxication was the victim's cause of death as required by section 49.08(2) of the
Texas Penal Code Annotated (Vernon 2003). We disagree.

 When both the legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the verdict. Clewis v.
State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law
that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that
the defendant committed each element of the alleged offense. U.S. Const. amend. XIV;
Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. §
2.01 (Vernon 2003). 

 In conducting a legal sufficiency review, we examine the verdict, after viewing the
evidence in the light most favorable to the prosecution, to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573
(1979); Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). This standard is the
same in both direct and circumstantial evidence cases. Burden, 55 S.W.3d at 612-13. In
measuring the sufficiency of the evidence to sustain a conviction, we measure the elements
of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d
234, 240 (Tex.Cr.App. 1997). This is done by considering all the evidence that was before
the jury--whether proper or improper--so that we can make an assessment from the jury's
perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). As an appellate
court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is
irrational or unsupported by more than a "mere modicum" of evidence. Moreno v. State,
755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. As an appellate court, we view all
the evidence without the prism of "in the light most favorable to the prosecution" and set
aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We
must determine after considering all the evidence in a neutral light, whether the jury was
rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d
477, 484 (Tex.Cr.App. 2004). It is the exclusive province of the jury to determine the
credibility of the witnesses and the weight to be given their testimony, and unless the record
clearly demonstrates a different result is appropriate, we must defer to the jury's
determination. Johnson, 23 S.W.3d at 8. 

 Before determining whether the evidence is sufficient to support appellant's
conviction, we must review the essential elements the State was required to prove. In this
regard, the intoxication manslaughter statute provides in part:

 (a) A person commits an offense if the person:

 (1) operates a motor vehicle in a public place . . . ; and

 (2) is intoxicated and by reason of that intoxication causes the
death of another by accident or mistake.


Tex. Pen. Code Ann. § 49.08. As presented in Glauser v. State, 66 S.W.3d 307, 313
(Tex.App.--Houston [1st Dist.] 2000, pet. ref'd), here too, appellant correctly contends the
State must prove that his intoxication, not just operation of the vehicle, caused the fatal
accident.

 The accident occurred at 7:50 a.m., but appellant's blood sample was not taken until
10:11 a.m. on September 27, 2002. By his argument, appellant does not suggest he was
not operating his vehicle when it hit the car driven by the victim from the rear or that the
accident was caused by poor visibility or road or traffic conditions. Instead, he focuses his
challenge on his alleged state of intoxication at the time of the accident. In this regard,
appellant contends the toxicology lab report showing his alcohol-intoxication level to be
below the legal level of intoxication is controlling. Accordingly, we will review the sufficiency
of the evidence in the context of appellant's contention. 

 Appellant overlooks the testimony of witness Espino, a teacher at Borger ISD, who
testified about her observations at the scene of the accident. According to her testimony
which was admitted without objection, she stated, that in her opinion, appellant was most
definitely intoxicated when she talked with him at the scene of the accident. Moreover,
according to the witness, appellant stated "Well, this is what I get for staying up all night at
Jimmy's house and partying." The jury having been properly charged, the testimony of
Espino was sufficient evidence from which the jury could find beyond a reasonable doubt
that appellant caused the death of the victim by reason of intoxication. Concluding the
evidence is legally sufficient to support the conviction, we must now determine whether it
is factually sufficient. Johnson, 23 S.W.3d at 11.

 In our analysis of appellant's first point, we noted Texas law does not require that
appellant's state of intoxication be established by scientific evidence or expert testimony. 
Instead, the opinion of a non-expert witness may be admitted to establish that a person is
intoxicated. Smithhart, 503 S.W.2d at 285. Also, in discussing appellant's first point, we
reviewed the relevant testimony of two DPS troopers, an EMT, and witness Espino,
mentioned above. All of these witnesses testified that in their opinion, appellant was
intoxicated when they met with him after the accident. Noting that appellant does not direct
our attention to any contrary evidence, because the jury's verdict relied on its assessment
of the credibility of the witnesses, we defer to its findings and hold the evidence was
factually sufficient to support the jury's verdict that the victim's death was caused by
appellant's intoxication. Appellant's second point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.