**Opinion filed November 30, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00355-CR

_____

## CALEB BRICE REICH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Brown County, Texas**
**Trial Court Cause No. 1800307**

## M E M O R A N D U M   O P I N I O N

The State charged Caleb Brice Reich with driving while intoxicated—second offense. After a bench trial, the trial court found Appellant guilty of the lesser included offense of driving while intoxicated—first offense—and sentenced him to confinement in the Brown County Jail for a period of 180 days. In his sole issue on appeal, Appellant challenges the sufficiency of the evidence supporting his conviction. We modify and affirm.

*Background Facts*

On July 2, 2017, law enforcement officers responded to a disturbance reportedly caused by people that had left the scene of the disturbance in a white Ford Explorer traveling toward Early. Corporal Michelle Faith Sheedy of the Early Police Department located the vehicle parked at a CEFCO convenience store. Three people were sitting in the vehicle, with the driver's seat unoccupied. A fourth individual, Appellant, exited the store and identified himself as the driver of the vehicle.

Corporal Sheedy testified that she smelled a strong odor of alcohol coming from Appellant and that Appellant's inhibitions were "extremely relaxed" because he kept invading her "personal body space" and making inappropriate comments to Corporal Sheedy, including asking to kiss her and hug her. Corporal Sheedy further testified that Appellant had "a dazed look, drunk like appearance" with bloodshot, glassy eyes.

Corporal Sheedy had Appellant perform five field sobriety tests. Corporal Sheedy testified that she was trained and certified to do field sobriety testing and had conducted hundreds of DWI arrests in her nearly fourteen years as a police officer. Based on Corporal Sheedy's observations and the five tests that Appellant performed, Corporal Sheedy concluded that "[t]here [was] no question" in her mind that Appellant was intoxicated. She further testified that he had lost the normal use of his mental or physical faculties because of the introduction of alcohol into his body.

After Corporal Sheedy arrested Appellant for driving while intoxicated, she requested a sample of his blood. Appellant consented to the request, whereupon Corporal Sheedy transported him to the hospital, where a consensual blood draw was performed less than an hour after Corporal Sheedy's initial contact with Appellant. Corporal Sheedy testified that she transported the blood vial to the police station and logged it into evidence so that it could be sent to the laboratory for

forensic testing. However, the results of the testing were not admitted at trial, and no explanation for the absence of the test results exists in the appellate record.

*Analysis*

We note at the outset that the State has not filed a brief in this appeal. In this regard, the Brown County Attorney was advised by letter on April 8, 2019, that the State's brief was due for filing on May 8, 2019. The Brown County Attorney was further advised by letters dated May 16, 2019, and June 3, 2019, that the State's brief was due. At no time did the Brown County Attorney respond to the court's letters. This lack of respect for the court and the appellate process is not an isolated incident by the Brown County Attorney.

Rule 38.8(b) of the Texas Rules of Appellate Procedure expressly guides this court as to what to do if an appellant fails to file a brief. *See* TEX. R. APP. P. 38.8(b). However, there is no corresponding statutory rule to guide us when the State fails to file a brief in response to an appellant's brief. When the State fails to file a brief, an appellate court should conduct an independent analysis of the merits of the appellant's claim of error, limited to the arguments raised at trial by the State, to determine if there was error. *See Little v. State*, 246 S.W.3d 391, 398 (Tex. App.—Amarillo 2008, no pet.) (citing *Siverand v. State*, 89 S.W.3d 216, 220 (Tex. App.—Corpus Christi 2002, no pet.)). The decision to independently review the merits of Appellant's contentions should not be construed as approval of the State's dereliction of its responsibility to file a brief. *See Hurd v. State*, No. 07-07-0262-CR, 2008 WL 4508769, at *1 (Tex. App.—Amarillo Oct. 8, 2008, no pet.) (mem. op., not designated for publication). The State's failure to file a brief, in this or any other action, makes the job of this court more time consuming and difficult. *Id.*

In his sole issue, Appellant contends that there was insufficient evidence to prove that he was impaired and that no rational finder of fact could have found such impairment beyond a reasonable doubt. We review a challenge to the sufficiency of

the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2020). Intoxication means either (a) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (b) having an alcohol

concentration of 0.08 or more. *Id.* § 49.01(2) (West 2011). The first definition is referred to as the "impairment" theory, while the second is known as the "per se" theory. *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). They are not mutually exclusive. *Id.* For purposes of the DWI statute, proving an exact intoxicant is not an element of the offense. *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004). Circumstantial evidence may prove that a person has lost the normal use of his mental or physical faculties by reason of the introduction of a controlled substance or drug into his body. *See Smithhart v. State*, 503 S.W.2d 283, 285 (Tex. Crim. App. 1973).

Appellant contends that there was no evidence of alcohol concentration presented in this case and that, therefore, the trial court's ruling should be reversed. In making this contention, Appellant emphasizes that he consented to the blood draw. Appellant also asserts that Corporal Sheedy was unsure of his level of intoxication because she testified that she needed to test him. Appellant relies on his statement to Corporal Sheedy that he had not had a drink in a long time, that he was cooperative with her requests, that he was able to recall his driver's license number, and that no alcohol or drugs were found in his vehicle.

Appellant acknowledges that the offense of driving while intoxicated can be proven solely under the impairment theory of intoxication. For the reasons listed above, he contends that the evidence was insufficient to establish intoxication under the impairment theory. We disagree. Corporal Sheedy's statement that she needed to test Appellant to determine his level of intoxication preceded her administration of the field sobriety tests. After completing the field sobriety tests, she determined that "[t]here [was] no question" in her mind that Appellant was intoxicated. She further testified that Appellant had lost the normal use of his mental or physical faculties because of the introduction of alcohol into his body. Additionally, Corporal Sheedy's other observations included matters that are indications of

5

intoxication. *See Kirsche*, 306 S.W.3d at 743 (Indicia of intoxication include any "evidence that would logically raise an inference that the defendant was intoxicated," including erratic driving; post-driving behavior, such as stumbling, swaying, slurring, or mumbling; inability to perform field sobriety tests or follow directions; bloodshot eyes; and any admissions by the defendant concerning what, when, and how much he had been drinking.).

The applicable standard of review requires us to view the evidence in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778. We presume that the factfinder resolved conflicts in the evidence in favor of the verdict, and we defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. For example, Appellant's contention that he had not had anything to drink for a long time prior to his encounter with Corporal Sheedy was inherently a matter of credibility for the factfinder to resolve.

Corporal Sheedy's testimony is probative evidence of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (as a general rule, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication for the offense of DWI); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (same). We conclude that the evidence was sufficient to support Appellant's conviction for driving while intoxicated because a rational trier of fact could have found the elements of the offense beyond a reasonable doubt based upon Corporal Sheedy's testimony. We overrule Appellant's sole issue.

We note, however, that the trial court's judgment incorrectly reflects the offense as "Driving While Intoxicated 2nd" and the degree of the offense as "Class A Misdemeanor." The State failed to prove the prior DWI; therefore, the trial court did not convict Appellant of DWI "2nd" but of the lesser included offense of DWI. An appellate court has the power to modify the trial court's judgment to make the

judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because we have the necessary information to make the judgment speak the truth, we modify the judgment of the trial court to reflect the offense to be "Driving While Intoxicated" and the degree of the offense to be "Class B Misdemeanor."

*This Court's Ruling*

As modified, we affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

November 30, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.