NO. 07-06-0189-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2007
_____

AUGUSTINE LOPEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408801; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Augustine Lopez, Jr., appeals his conviction for felony driving while intoxicated and sentence of 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Background

On June 12, 2004, the Lubbock Police Department received two 911 calls regarding a person driving erratically on 19th Street in Lubbock.  The callers described the vehicle as

a silver, boxy, older-model car. One of the callers followed the vehicle and was able to see the driver. She described the driver as appearing "intent or spacey" and noticed that he had a "death grip" on the steering wheel.

Corporal James Rohlik heard a radio call regarding a possible driving while intoxicated offense involving a silver, older-model car. Rohlik observed appellant walking away from a vehicle that matched the description of the vehicle given by dispatch. Rohlik requested appellant to stop and talk with him, but appellant fled. Appellant tripped on some stairs and was apprehended by Rohlik. While detaining appellant, Rohlik smelled alcohol on appellant's breath. Rohlik arrested appellant for public intoxication and evading arrest. Rohlik did not arrest appellant for driving while intoxicated because he had not seen appellant in physical control of a vehicle. Rohlik did not perform field sobriety tests, but observed that appellant had poor balance and coordination as Rohlik walked him to the patrol car.

During the booking process at the jail, appellant admitted that he had drunk alcohol that evening. The next morning, appellant was taken before a magistrate for arraignment. Appellant pled guilty to the offense of public intoxication at this hearing. Subsequently, appellant was indicted for driving while intoxicated.

Before trial on the driving while intoxicated charge, appellant stipulated to two prior driving while intoxicated convictions. During trial, the State offered appellant's plea of guilty to public intoxication as evidence that he was intoxicated on the night in question. Appellant presented evidence that he has diabetes and that his diabetic episodes

sometimes make him disoriented and shaky. Further, appellant presented evidence that he needed medication on the night in question because his sugar was low. The jury found appellant guilty of driving while intoxicated and the trial court assessed a sentence of 30 years confinement.

By four issues, appellant appeals his conviction and sentence. By his first issue, appellant contends that the trial court erred when it allowed appellant's plea of public intoxication to be admitted into evidence when the plea does not show on its face that appellant was properly admonished prior to making the plea. By his second issue, appellant contends that the trial court erred by admitting appellant's plea of public intoxication as proof of intoxication in a driving while intoxicated trial. By his third and fourth issues, appellant contends that the evidence was both legally and factually insufficient to support his conviction for driving while intoxicated.

## The Plea

Appellant contends that the trial court erred by allowing admission of a Preconfinement Order on which appellant pled guilty to the offense of public intoxication. Appellant contends that the Preconfinement Order is inadmissible because it constitutes a written statement of the accused that does not comply with the requirements identified in Texas Code of Criminal Procedure article 38.22, section 2. Specifically, appellant's appellate argument is that the Preconfinement Order does not show on its face that "the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17" or received the warnings itemized in article 38.22, section 2(a).

3

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a) (Vernon 2005). However, at trial, appellant raised no objection regarding the statement's failure to comply with article 38.22. Thus, appellant failed to preserve any error regarding the failure of appellant's "statement" to include the requisite admonishments for appellate review. See TEX. R. APP. P. 33.1. We overrule appellant's first issue.

Appellant also contends that evidence of appellant's plea of guilty to a charge of public intoxication was inadmissible in a driving while intoxicated trial as proof that appellant was intoxicated because the standard for proving intoxication is different for each charge. Again, appellant failed to preserve this appellate issue by timely objection at trial and, therefore, has waived this issue. Id. Further, we note that appellant's guilty plea on the charge of public intoxication is probative, even if not conclusive on the element of intoxication, in a driving while intoxicated trial.[1] Appellant's second issue is overruled.

## Legal and Factual Sufficiency

Appellant contends that the evidence is both legally and factually insufficient to support his conviction for driving while intoxicated. When reviewing challenges to both the legal and factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient, we then review the factual sufficiency challenge. See id.

---

[1]For example, appellant's plea was probative of whether he had consumed alcohol on the night in question.

4

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

To prove that a person is guilty of the offense of driving while intoxicated, the State must prove that the person was intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. § 49.04(a) (Vernon 2003). For purposes of the present case, intoxication is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PEN. CODE ANN. § 49.01(2)(A) (Vernon 2003).

Appellant's legal sufficiency issue challenges the evidence of appellant's intoxication. One witness testified that she saw a silver vehicle traveling south on University on June 12, 2004. She testified that the driver of this vehicle appeared to fall asleep and that, when he awoke, he drove erratically, swerving across the road and bouncing off of curbs. Based on her observations, she believed that the driver of the vehicle was drunk. Another witness saw a silver, boxy, older-model vehicle traveling south on University on June 12. This witness followed the vehicle, got a good look at the driver,

5

and was able to identify appellant as the driver of that vehicle. The witness testified that appellant drove fast and erratically and that he had several near-collisions. Finally, Corporal Rohlik testified that he saw appellant walking away from a silver vehicle that matched the description of the vehicle that had been reported as being involved in a suspected driving while intoxicated offense. When Rohlik attempted to talk to appellant, appellant fled. When appellant was apprehended, Rohlik testified that he smelled alcohol on appellant's breath. Rohlik also testified that appellant had a stereo face plate in his possession that matched a stereo in the silver vehicle that Rohlik had seen appellant walking away from. Rohlik also testified that he observed appellant exhibit poor balance and coordination and concluded that appellant had lost the normal use of his mental and physical faculties because of the use of alcohol. Further, the Preconfinement Order and other records established that appellant admitted that he had been drinking on June 12 and that he believed that he was intoxicated. Viewing this evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence for a reasonable jury to conclude that appellant was intoxicated beyond a reasonable doubt.[2] We overrule appellant's legal sufficiency issue.

Having determined that the evidence was legally sufficient to support appellant's conviction, we now turn to the factual sufficiency of the evidence. When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing

---

[2]Appellant does not challenge the "operating a motor vehicle" or the "in a public place" elements of the offense. However, for the sake of completeness, we conclude that there was sufficient evidence to allow a reasonable jury to have found each of these elements beyond a reasonable doubt.

court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

By his factual sufficiency issue, appellant again challenges only the jury's necessary finding that appellant was intoxicated. Appellant identifies evidence establishing that he suffered from high blood pressure and diabetes that, when not promptly medicated, can result in symptoms that leave the appearance that appellant is intoxicated. Considering this evidence in a neutral light, the jury could have concluded that appellant was suffering from diabetic symptoms rather than intoxication on June 12 . However, the jury heard the testimony of two eyewitnesses about appellant's erratic driving and could reasonably infer from this testimony that appellant had lost the normal use of his mental and physical faculties. Additionally, the jury heard evidence that appellant had alcohol on his breath, admitted that he had drunk alcohol on June 12, and characterized himself as having been intoxicated. Considering all of this evidence in a neutral light, we cannot say that the

7

evidence supporting the verdict was so weak or that the contrary evidence was so strong that a rational jury could not have determined that appellant committed the offense of driving while intoxicated beyond a reasonable doubt.  We overrule appellant's factual sufficiency issue.

Conclusion

Having overruled each of appellant's issues, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Publish.