NO. 07-09-00085-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
22, 2010

 



 

OSCAR ESQUIVEL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17766-0809; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Oscar Esquivel, brings
this appeal from his conviction for the felony offense of driving while intoxicated.  Appellant's
attorney has filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008). 
Agreeing with appointed counsel’s conclusion the record fails to show
any arguably meritorious issue that could support the appeal,
we affirm the trial court’s judgment as modified.

Appellant
was charged by an indictment alleging he operated a motor vehicle in a public
place while intoxicated. The indictment contained four additional paragraphs,
each alleging prior convictions for driving while intoxicated.  Appellant plead not guilty and was tried
before a jury which found him guilty as charged in the indictment.  He plead true to one
enhancement paragraph and punishment was assessed in conformity with the jury’s
verdict at twenty years of confinement in the Institutional Division of the
Texas Department of Criminal Justice.[1]
Appellant’s appointed trial counsel timely perfected appeal.

At
trial, the State’s evidence showed a Plainview officer observed appellant on
August 6, 2008 at approximately two in the morning.  The officer testified he saw appellant,
driving a gray Ford F-150 pickup, swerve and cross all three lanes of traffic,
without signalling a lane change.  The
officer testified these actions were violations of the Texas Transportation
Code.[2]   The officer initiated a stop.  Appellant stopped in the middle of the
street.  When the officer made contact
with appellant, he noticed the “overwhelming” smell of alcohol coming from
appellant and observed appellant had glassy eyes and slurred speech.  Appellant lost his balance and “fell into the
side of the vehicle, using the vehicle to steady himself” as he exited his
pickup.  The officer testified appellant
performed poorly on each of the standardized field tests appellant attempted
and was, in the officer’s opinion, intoxicated. He opined appellant had lost
the normal use of his physical and mental faculties due to the introduction of
alcohol into his body.  Appellant refused
to perform some of the field tests and refused to provide a breath test. The
patrol car video recording was also introduced at trial and the jury viewed it
in redacted form. 

A
second officer testified that in the intoxilyzer room at the police station,
appellant swayed back and forth, his speech was “pretty bad where he couldn’t
talk right,” he had red, bloodshot and glazed eyes, and smelled very strongly
of alcohol.  A recording of appellant in
the intoxilyzer room was introduced and viewed at trial.  

Appellant
did not testify but presented the testimony of one witness during the
punishment phase of his trial.

Appellant's appointed appellate counsel has filed a
motion to withdraw and a brief in support pursuant to Anders in which he
certifies that he has diligently reviewed the record and, in his professional
opinion, under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds on which a non-frivolous appeal arguably
can be predicated.  The brief discusses
the procedural history of the case and appellant’s jury trial.  Counsel discusses the applicable law and sets
forth the reasons he concludes the record presents no arguably meritorious
appellate issues.  Counsel has certified
that a copy of the Anders brief and motion to withdraw have been served
on appellant, and that counsel has advised appellant of his right to review the
record and file a pro se response. Johnson v. State,
885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant has not filed a response.

In conformity with the standards set out by the United
States Supreme Court, we will not rule on the motion to withdraw until we have
independently examined the record.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio
1997, no pet.).  If this Court determines
the appeal has merit, we will remand it to the trial court for appointment of
new counsel.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, counsel notes that he has considered
whether the evidence presented at trial was legally and factually sufficient to
support appellant’s conviction for driving while intoxicated.  As alleged in the indictment,
the State was required to prove appellant drove a motor vehicle in a public
place while intoxicated and that he had two prior convictions for driving while intoxicated.  Tex. Penal Code Ann. §§ 49.04, 49.09.  As relevant here, a person is intoxicated
if he does not have the normal use of his mental or physical faculties by
reason of the introduction of alcohol or some other substance into the body. See Tex. Penal Code Ann. § 49.01(2) (Vernon
2009).  After a complete review of
the record, we agree with appellate counsel that the grounds identified do not
arguably support an appeal.  See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979);  McKinney v. State, 207
S.W.3d 366, 374 (Tex.Crim.App. 2006) (setting forth standard for review of
legal sufficiency of the evidence); Watson v. State, 204 S.W.3d 404,
414-15 (Tex.Crim.App. 2006); Marshall v. State, 210 S.W.3d 618, 625
(Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App.
2000) (factual sufficiency).  See also Lopez v. State, 279 S.W.3d 727
(Tex.App.—Amarillo 2007, no pet.) (discussing legal
and factual sufficiency in driving while intoxicated case). 

Counsel also discusses the trial
court’s denial of appellant’s “Motion To Suppress
Test, Videotape, Statements” and concludes the trial court did not err or abuse
its discretion in denying the motion. 
Counsel notes the trial court granted the motion in part, suppressing
portions of the video recordings, and the redacted videos were admitted without
objection.  After reviewing the entire
record, we agree with counsel’s conclusion that there is no arguably
meritorious issue that may be raised on this point.  See
Balentine v. State, 71 S.W.3d 763, 768
(Tex.Crim.App. 2002); Villarreal, 935
S.W.2d 134, 138 (Tex.Crim.App. 1996) (each setting forth standard of review of
trial court’s motion to suppress).

Our
review convinces us that appellate counsel conducted a complete review of the
record.  We have also made an independent
examination of the entire record to determine whether there are any arguable
grounds which might support the appeal.  We agree it presents no arguably
meritorious grounds for review. 
Accordingly, we grant counsel's motion to withdraw.[1] 

We note the trial court’s
judgment contains a special order that appellant repay attorney’s fees in the
amount of $1697.50 to Hale County.  The
record contains no determination by the court of appellant’s ability to pay such
fees.  Tex. Code Crim.
Proc. Ann. art. 26.05(g) (Vernon 2009).  Accordingly, we modify the trial court’s judgment
by deleting the language ordering appellant to repay attorney’s fees in the
amount of $1697.50. See
Mayer v.
State, 274 S.W.3d 898, 901 (Tex.App.--Amarillo
2008, pet. ref'd); Sepeda
v. State, No. 07-08-0366-CR, 2009 Tex.App. LEXIS 9654 (Tex.App.—Amarillo
Dec. 18, 2009, pet. ref’d) (mem. op., not designated for publication) (also
modifying judgments to delete such orders). 
As modified, we affirm
the judgment of the trial court.

 

                                                                                                                                                                                                                                                            James
T. Campbell

                                                                                                            Justice

 

Do not publish.  

 

 

 

            








 











[1]   See Tex. Penal Code Ann.
§ 49.04 (Vernon 2009).  Appellant was
charged with the offense of driving while intoxicated, third or more, enhancing
the offense from a misdemeanor to a felony. Tex. Penal Code
Ann. § 49.09(b) (Vernon 2007). 
The punishment for the enhanced offense of felony DWI was then enhanced
under section 12.42 of the Penal Code, increasing the range of punishment to
imprisonment for any term of not more than 20 years or less than 2 years and a
fine not to exceed $10,000.  See Tex. Penal Code Ann. § 12.42 (Vernon
2007); Tex. Penal Code Ann. § 12.33 (Vernon 2009).

 





[2]   See Tex. Transp. Code Ann. § 546.060 (Vernon 1999) (fail to maintain a single lane of traffic); Tex. Transp. Code
Ann. § 545.104 (Vernon 1999) (fail to signal a lane change).





[1]Counsel shall, within five days after
the opinion is handed down, send his client a copy of the opinion and judgment,
along with notification of the defendant’s right to file a pro se petition
for discretionary review.  See Tex.
R. App. P. 48.4.