NO. 07-09-00085-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 22, 2010

_____

OSCAR ESQUIVEL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17766-0809; HONORABLE ROBERT W. KINKAID JR., JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Oscar Esquivel, brings this appeal from his conviction for the felony offense of driving while intoxicated. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment as modified.

Appellant was charged by an indictment alleging he operated a motor vehicle in a public place while intoxicated. The indictment contained four additional paragraphs, each alleging prior convictions for driving while intoxicated. Appellant plead not guilty and was tried before a jury which found him guilty as charged in the indictment. He plead true to one enhancement paragraph and punishment was assessed in conformity with the jury's verdict at twenty years of confinement in the Institutional Division of the Texas Department of Criminal Justice.[1] Appellant's appointed trial counsel timely perfected appeal.

At trial, the State's evidence showed a Plainview officer observed appellant on August 6, 2008 at approximately two in the morning. The officer testified he saw appellant, driving a gray Ford F-150 pickup, swerve and cross all three lanes of traffic, without signalling a lane change. The officer testified these actions were violations of the Texas Transportation Code.[2] The officer initiated a stop. Appellant stopped in the middle of the street. When the officer made contact with appellant, he noticed the "overwhelming" smell of alcohol coming from appellant and observed appellant had glassy eyes and slurred speech. Appellant lost his balance and "fell into the side of the

---

[1] *See* Tex. Penal Code Ann. § 49.04 (Vernon 2009). Appellant was charged with the offense of driving while intoxicated, third or more, enhancing the offense from a misdemeanor to a felony. Tex. Penal Code Ann. § 49.09(b) (Vernon 2007). The punishment for the enhanced offense of felony DWI was then enhanced under section 12.42 of the Penal Code, increasing the range of punishment to imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.42 (Vernon 2007); Tex. Penal Code Ann. § 12.33 (Vernon 2009).

[2] *See* Tex. Transp. Code Ann. § 546.060 (Vernon 1999) (fail to maintain a single lane of traffic); Tex. Transp. Code Ann. § 545.104 (Vernon 1999) (fail to signal a lane change).

vehicle, using the vehicle to steady himself" as he exited his pickup. The officer testified appellant performed poorly on each of the standardized field tests appellant attempted and was, in the officer's opinion, intoxicated. He opined appellant had lost the normal use of his physical and mental faculties due to the introduction of alcohol into his body. Appellant refused to perform some of the field tests and refused to provide a breath test. The patrol car video recording was also introduced at trial and the jury viewed it in redacted form.

A second officer testified that in the intoxilyzer room at the police station, appellant swayed back and forth, his speech was "pretty bad where he couldn't talk right," he had red, bloodshot and glazed eyes, and smelled very strongly of alcohol. A recording of appellant in the intoxilyzer room was introduced and viewed at trial.

Appellant did not testify but presented the testimony of one witness during the punishment phase of his trial.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and appellant's jury trial. Counsel discusses the applicable law and sets forth the reasons he concludes the record presents no arguably meritorious appellate issues. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the

record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, counsel notes that he has considered whether the evidence presented at trial was legally and factually sufficient to support appellant's conviction for driving while intoxicated. As alleged in the indictment, the State was required to prove appellant drove a motor vehicle in a public place while intoxicated and that he had two prior convictions for driving while intoxicated**.** Tex. Penal Code Ann. §§ 49.04, 49.09. As relevant here, a person is intoxicated if he does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol or some other substance into the body. *See* Tex. Penal Code Ann. § 49.01(2) (Vernon 2009). After a complete review of the record, we agree with appellate counsel that the grounds identified do not arguably support an appeal. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McKinney v. State,* 207 S.W.3d 366, 374 (Tex.Crim.App. 2006) (setting forth standard for review of legal sufficiency of the evidence)*; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Marshall v.*

*State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); *Johnson v. State,* 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000) (factual sufficiency). *See also Lopez v. State,* 279 S.W.3d 727 (Tex.App.—Amarillo 2007, no pet.) (discussing legal and factual sufficiency in driving while intoxicated case).

Counsel also discusses the trial court's denial of appellant's "Motion To Suppress Test, Videotape, Statements" and concludes the trial court did not err or abuse its discretion in denying the motion. Counsel notes the trial court granted the motion in part, suppressing portions of the video recordings, and the redacted videos were admitted without objection. After reviewing the entire record, we agree with counsel's conclusion that there is no arguably meritorious issue that may be raised on this point. *See Balentine v. State,* 71 S.W.3d 763, 768 (Tex.Crim.App. 2002); *Villarreal,* 935 S.W.2d 134, 138 (Tex.Crim.App. 1996) (each setting forth standard of review of trial court's motion to suppress).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw.[1]

---

[1] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.

We note the trial court's judgment contains a special order that appellant repay attorney's fees in the amount of $1697.50 to Hale County. The record contains no determination by the court of appellant's ability to pay such fees. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon 2009). Accordingly, we modify the trial court's judgment by deleting the language ordering appellant to repay attorney's fees in the amount of $1697.50. *See Mayer v. State*, 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2008, pet. ref'd); *Sepeda v. State,* No. 07-08-0366-CR, 2009 Tex.App. LEXIS 9654 (Tex.App.—Amarillo Dec. 18, 2009, pet. ref'd) (mem. op., not designated for publication) (also modifying judgments to delete such orders). As modified, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.