NO. 07-11-0502-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 27, 2012

MONTE JOE MARTIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 130,177-2; HONORABLE PAMELA COOK SIRMON, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1]

Monte Joe Martin was convicted of driving while intoxicated. In three issues, he seeks reversal of that conviction by contending 1) the evidence is legally insufficient to sustain it, 2) there were insufficient facts to form a basis for any extrapolation testimony, and 3) he received ineffective assistance of counsel. We affirm the judgment.

---

[1]John T. Boyd, Senior Justice, sitting by assignment.

*Legal Sufficiency*

We review challenges to the legal sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). The State was required to prove that appellant was intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2011). "Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or . . . having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2)(A) & (B) (West 2011). Appellant was charged with being intoxicated under both theories.

Appellant's blood was drawn at the hospital at 6:06 p.m. after he wrecked the vehicle in which he was driving. It was not tested for another hour, at which time it showed a blood alcohol content of 0.08. The regional laboratory manager with the Texas Department of Public Safety crime laboratory in Lubbock testified that, under the State's method of testing, the comparable result would have been 0.067. Appellant contends the evidence was insufficient to show that he had an alcohol concentration in his blood of 0.08 at the time he was driving.

First, we note that the same chemist testified without objection that the defendant's blood alcohol concentration could have been 0.09 at the time he was driving or at least 0.082 if the elimination rate for appellant was at the low end. Moreover, even if this evidence was faulty as appellant contends, there was evidence that 1) appellant drove around 90 m.p.h. on Highway 287 refusing to stop for a deputy, passed vehicles on both the left and right shoulders with appellant dropping a tire off the

2

road, suddenly slammed on his brakes, causing the officer to believe appellant was trying to disable the officer's vehicle, and wove in and out of traffic and straddled lanes, 2) appellant then drove through residential areas in Amarillo continuing to travel at a high rate of speed of up to 60 m.p.h. and failing to use signal turns, slow down at yield signs, or stop at stop signs, making unsafe lane changes, and swerving into oncoming traffic, 3) appellant eventually rolled his vehicle near I-40 and Georgia, 4) appellant talked to his niece while he was driving and told her that he had had a few drinks and was a "tipsy" uncle, 5) after the crash, appellant smelled of alcohol on his breath, body, and clothes, and had bloodshot, glassy eyes, 6) appellant had slurred speech, 7) an open container of alcohol was found in appellant's vehicle, 8) marijuana appeared in appellant's blood, and 9) an officer testified that appellant exhibited the signs of someone "not within the normal mental, physical use of their abilities" and that it was his opinion that appellant had consumed alcohol to a degree that his normal mental or physical faculties had been impaired.

Intoxication may be proved by circumstantial evidence, *Smithhart v. State,* 503 S.W.2d 283, 285 (Tex. Crim. App. 1973), and the testimony of a police officer regarding a defendant's behavior and the officer's opinion that the defendant is intoxicated provides sufficient support for a conviction. *Zill v. State,* 355 S.W.3d 778, 785-86 (Tex. App.–Houston [1st Dist.] 2011, no pet.). Based on the above evidence, we conclude that there is legally sufficient evidence of intoxication under the theory of impairment. *See Lopez v. State,* 279 S.W.3d 727, 729-30 (Tex. App.–Amarillo 2007, no pet.) (finding the evidence of impairment legally sufficient when several witnesses reported the defendant driving erratically, swerving across the road, and bouncing off curbs with

3

several near collisions, the defendant fled from a police officer, and the defendant smelled of alcohol on his breath, had poor balance and coordination, and admitted drinking).

*Admission of Extrapolation Evidence*

Appellant claims the trial court erred in permitting testimony with respect to his level of intoxication at the time he was driving because there was no evidence as to his individual characteristics such as weight, tolerance for alcohol, the amount of alcohol consumed, what type of alcohol was consumed, the duration of drinking, the time of the last alcoholic drink, and what he had to eat before, during, and after consumption. Further, the hypothetical was based on the time the blood was actually tested as opposed to collected without a showing as to how the blood might have been affected during that hour. However, no objection was made to this testimony. The failure to do so waived any error. TEX. R. APP. P. 33.1(a)(1) (stating that to preserve error, a complaint must be made to the trial court by timely request, objection or motion); *Schumacher v. State,* 72 S.w.3d 43, 52 (Tex. App.–Texarkana 2001, pet. ref'd) (stating that error in the admisison of evidence is waived by the failure to make an objection).

*Ineffective Assistance of Counsel*

Finally, appellant claims his counsel was ineffective by failing to object to the extrapolation testimony. Nothing in the record shows counsel's reason for failing to object. Without the same, we may not find that counsel was ineffective on direct appeal. *See Menefield v. State,* 363 S.W.3d 591, 593 (Tex. Crim. App. 2012).

Accordingly, all of appellant's issues are overruled, and the judgment is affirmed.

Per Curiam

Do not publish.