TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00566-CR






Marie Louise Ouellette, Appellant


v.


The State of Texas, Appellee






FROM COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY

NO. 06-7243-3, HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 A jury found appellant Marie Louise Ouellette guilty of driving while intoxicated. 
See Tex. Penal Code Ann. § 49.04(a) (West 2003). The trial court found the enhancement paragraph
true, see id. § 49.09(a) (West Supp. 2008), sentenced her to 365 days in the Williamson County jail,
and assessed a fine of $4,000. Finding the evidence factually sufficient to support Ouellette's
conviction and no error in the jury charge, we affirm the judgment of the trial court.

 On August 30, 2006, Ouellette rear-ended a car that was stopped at a traffic light. 
Officer Timothy Little responded to the 911 call. He noticed the odor of alcohol on Ouellette's
breath and observed that she had glassy eyes, that her balance was off, and that her speech was
slurred. After initially denying that she had consumed alcohol, Ouellette eventually admitted to
drinking a glass of wine.

 At Little's request, Officer Richard Mabe, an officer with the DWI task force unit,
arrived on the scene. At the time, Mabe had approximately ten years of experience with the
Austin Police Department, including six years of experience with the DWI task force. Mabe first
spoke with Little and then with Ouellette, confirmed the signs of intoxication observed by Little,
and continued Little's investigation. After initially refusing a field sobriety test, Ouellette eventually
allowed Mabe to administer the Walk and Turn test. Ouellette exhibited four of eight clues of
intoxication, only two of which are necessary to show intoxication. Mabe also administered the
Horizontal Gaze Nystagmus (HGN) test. Ouellette exhibited all six clues, only four of which are
necessary to show intoxication. Mabe then arrested Ouellette. Following her arrest, Ouellette was
read the DWI statutory warning and refused to provide either a breath or blood sample.

 After Ouellette was arrested, Officer Little conducted a search of Ouellette's vehicle. 
He discovered an unlabeled pill bottle containing several different types of pills. Some of the pills
were identified as Soma and Darvocet. Ouellette admitted that the pills were hers, but stated that
she had not taken them in the past month.

 On October 6, 2006, Ouellette was charged by information with driving while
intoxicated, second offense. See id. §§ 49.04(a), 49.09(a). On April 1, 2008, her case was tried to
a jury, which found her guilty as charged. On September 2, 2008, the trial court found the
enhancement paragraph to be true and sentenced Ouellette to confinement in the Williamson County
Jail for 365 days and assessed a $4,000 fine. The jail time and $3,200 of the $4,000 fine were
probated for a period of fifteen months. This appeal followed.

 In her first point of error, Ouellette argues that the evidence is factually insufficient
to support her conviction. In evaluating the factual sufficiency of the evidence, we view all the
evidence in a neutral light and will set aside the verdict only if we are able to say, with some
objective basis in the record, that the conviction is clearly wrong or manifestly unjust because
the great weight and preponderance of the evidence contradicts the jury's verdict. Watson v. State,
204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). We cannot conclude that a conflict in the evidence
justifies a new trial simply because we disagree with the jury's resolution of that conflict, and we do
not intrude upon the fact-finder's role as the sole judge of the weight and credibility of witness
testimony. See id. at 417; Fuentes, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The fact-finder
may choose to believe all, some, or none of the testimony presented. Chambers v. State, 805 S.W.2d
459, 461 (Tex. Crim. App. 1991); Bargas v. State, 252 S.W.3d 876, 888 (Tex. App.--Houston
[14th Dist.] 2008, no pet.). In our review, we discuss the evidence that, according to appellant,
undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 After citing to evidence "tending to prove intoxication," Ouellette argues that the
video of the scene of the arrest presents conflicting evidence, showing that Ouellette was "alert
and oriented," that her speech was "very clear" and "not slurred," and that there were only a few
instances of "slight swaying." According to Ouellette, the "great weight and preponderance of the
evidence contained in this video recording so greatly outweighs the evidence given by officers Mabe
and Little as to make the guilty verdict in this case manifestly unjust."

 Even if the video appears to show that, as Ouellette suggests, she had reasonable
control over her conduct and senses, the overwhelming evidence supports the conclusion that she
was intoxicated. Ouellette collided with a stopped car. Responding officers detected the odor
of alcohol on Ouellette's breath, and she admitted to consuming some alcohol. Ouellette exhibited
glassy eyes, slurred speech, irrational behavior, and swaying. She initially refused to perform all
field sobriety tests. She eventually agreed to perform the Walk and Turn test, on which she exhibited
four of eight clues of intoxication, only two of which are required to show intoxication. Ouellette
also exhibited all six clues of intoxication on the Horizontal Gaze Nystagmus test, only four of which
are required to show intoxication. She refused both a breath sample and a blood test.

 Even if Ouellette appears to be "alert and oriented" and in control of her speech
and movement on the video, the overwhelming evidence supports the jury's conclusion that she
was intoxicated. Thus, factually sufficient evidence supports the judgment of conviction, and we
overrule Ouellette's first point of error. See Watson, 204 S.W.3d at 414-17.

 In her second point of error, Ouellette argues that the trial court erred by
instructing the jury:

 Intoxicated means not having the normal use of physical or mental faculties by reason
of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or
a combination of two or more of those substances into the body.

According to Ouellette, there was no evidence to support a conviction for being intoxicated by way
of drug consumption, and specifically, there was no testimony--expert or otherwise--as to whether
the particular drugs found in Ouellette's vehicle could have an intoxicating effect or whether
Ouellette's actions, demeanor, and conduct were consistent with being under the influence of drugs
or under the influence of a combination of drugs and alcohol.

 When reviewing allegations of charge error, an appellate court must undertake
a two-step review: first, the court must determine whether error actually exists in the charge, and
second, the court must determine whether sufficient harm resulted from the error to require reversal. 
Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994). When a timely objection is made,
error in the jury charge requires reversal if the error caused "some harm." Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). In making this determination, "the
actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument of counsel and any
other relevant information revealed by the record of the trial as a whole." Id.

 The issue here is whether the jury should have been charged that intoxication could be
caused by a drug as a possible intoxicant. The substance that causes intoxication is not an element
of driving while intoxicated, see Tex. Penal Code Ann. § 49.04(a), and thus, the State can
prove intoxication without proof of the type of intoxicant, see Gray v. State, 152 S.W.3d 125,
132 (Tex. Crim. App. 2004). Ouellette, however, relies on Smithhart v. State, 503 S.W.2d 283
(Tex. Crim. App. 1973), for the proposition that some evidence of drug use, including reliable
expert testimony as to how that drug use would affect a persons actions, demeanor, or conduct, was
required before drugs could be included as a type of intoxicant in the jury charge. Smithhart, decided
prior to the adoption of the legal sufficiency standard of review, is inapplicable to this case. See
Hooper v. State, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307
(1979), and discussing legal sufficiency review as set out by United States Supreme Court in that
case). Under a legal sufficiency standard of review, we consider all evidence properly admitted at
trial, including evidence here that prescription drugs were present in Ouellette's vehicle and that
Ouellette admitted that the medications were hers. (1) Officer Mabe testified as follows:

When I asked her about the drugs, I think she said she hasn't had them in over a
month; and she said I'll take a blood test to prove it. I said, so, you want to take a
blood test? She said, yes, because I haven't taken any of those drugs in a month. I
said, okay, you do understand, on the blood screen, they are going to check for
alcohol also. I said, do you still want to take a blood test? She said, no.

Although Ouellette told Officer Mabe that she had not taken the drugs in the past month, there
was evidence that the medications were in the car, were available to Ouellette, and were prescribed
for her, and there was evidence that she had taken the medications in the past and she was
intoxicated at the time of her arrest. Thus, even if the State had been required to prove the type of
intoxicant, the charge that included drugs as a possible intoxicant was properly submitted to the jury. 
See Waller v. State, No. 05-09-00097-CR, 2009 Tex. App. LEXIS 9338, at *7-9 (Tex. App.--Dallas
Dec. 9, 2009, no pet.) (mem. op., not designated for publication) (holding no expert testimony
necessary to support conviction of driving while intoxicated as a result of a drug or narcotic;
evidence of arresting officer's experience and observations could support the conviction).

 Even if there was error in the jury charge based on its inclusion of drugs as
possible intoxicants, there was no harm. See Almanza, 686 S.W.2d at 171. It is undisputed that the
recognition of alcoholic intoxication requires no specific expertise, and as discussed above, factually
sufficient evidence supports Ouellette's conviction of driving while intoxicated by reason of her
consumption of alcohol. Accordingly, we overrule Ouellette's second point of error.

 Having overruled Ouellette's points of error, we affirm the judgment of conviction.



 __________________________________________

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: May 20, 2010

Do Not Publish
1. At trial, Ouellette did not object to the admission of any evidence relating to these drugs.
No objection was made until after the close of evidence, at the charge conference.