**Opinion filed August 6, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00238-CR

_____

## JASON VERNOY KIRKPATRICK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. 12-2759**

## M E M O R A N D U M   O P I N I O N

Jason Vernoy Kirkpatrick appeals his conviction for the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). The trial court sentenced Appellant to confinement in the Ector County Jail for a term of 180 days. The trial court also suspended his driver's license for 180 days and assessed court costs against him. In one issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

*Background Facts*

Officer Jorge Amezola of the Odessa Police Department testified that at 11:00 p.m. on July 31, 2012, he saw a man on a moped run a stop sign. Officer Amezola turned around and followed the moped. Officer Amezola then saw the moped driver run a red light. He stopped the moped driver for the traffic violations. Appellant was identified as the man driving the moped.

Officer Amezola approached Appellant and observed that Appellant "had bloodshot eyes and a strong odor of alcohol." Officer Amezola asked Appellant if he would perform any field sobriety tests. Appellant consented to the tests. Appellant first performed the horizontal gaze nystagmus (HGN) test. Officer Amezola testified that Appellant showed six of six possible clues for intoxication on the HGN test. Appellant next performed the walk-and-turn field sobriety test. Officer Amezola observed that Appellant showed five out of eight possible clues for intoxication. Finally, Appellant performed the one-leg stand field sobriety test. Officer Amezola testified that Appellant also failed this test.

After the field sobriety tests, Officer Amezola determined that Appellant was too intoxicated to drive. After receiving the required statutory warning, Appellant refused Officer Amezola's request to submit a breath specimen for testing. *See* TEX. TRANSP. CODE ANN. § 724.015 (West Supp. 2014). Officer Amezola then arrested Appellant for driving while intoxicated.

*Analysis*

In his sole issue, Appellant challenges the sufficiency of the evidence to support his conviction. We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine

2

whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In conducting a sufficiency review, we defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." PENAL § 49.04(a). Appellant only attacks the element of intoxication. Under the Texas DWI statute, intoxication may be proven in either of two ways: (1) loss of normal use of mental or physical faculties or (2) alcohol concentration in the blood, breath, or urine of 0.08 or more. *Id.* PENAL § 49.01(2) (West 2011); *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). The first definition is the "impairment" theory, while the second is the "per se" theory. *Kirsch*, 306 S.W.3d at 743. We are only concerned with the impairment theory in this appeal because Appellant did not provide a specimen for testing. For purposes of the DWI statute, proving an exact intoxicant is not an element of the offense. *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004). Circumstantial evidence may prove that a person has lost the normal use of his mental or physical faculties by reason of introduction of a controlled

substance or drug into his body. *See Smithhart v. State*, 503 S.W.2d 283, 284 (Tex. Crim. App. 1973).

Appellant contends that the State's evidence was deficient in a number of respects. He contends that there was no evidence from a third party or an admission by Appellant indicating that that had consumed any alcohol. Appellant argues that "the State's entire case boiled down to Officer Amezola's testimony." He faults the testimony given by Officer Amezola based on his contention that the officer was inexperienced and that he had a predisposition in favor of prosecuting individuals for DWI. He also faults the officer for failing to preserve the video recording of Appellant's performance on the field sobriety tests.

Officer Amezola testified that he saw Appellant run a stop sign. Officer Amezola followed Appellant and then saw him run a red light. Officer Amezola stopped Appellant and immediately observed that Appellant "had bloodshot eyes and a strong odor of alcohol beverage coming from his person." Appellant then performed three field sobriety tests. Despite Appellant's contention that Officer Amezola was inexperienced, the officer testified that he had investigated "many" DWI cases. He also testified that he was certified to perform all three of the field sobriety tests that he administered.

Officer Amezola testified that Appellant failed all three tests. Based on his observations, Officer Amezola concluded that Appellant was intoxicated while operating a motor vehicle. Officer Amezola's testimony is probative evidence of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (as a general rule, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication for the offense of DWI); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (same); *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (same).

The applicable standard of review requires us to view the evidence in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778. We presume that the factfinder resolved Appellant's perceived deficiencies in the evidence in favor of the verdict, and we defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. We conclude that the evidence is sufficient to support Appellant's conviction because a rational trier of fact could have found the elements of the offense beyond a reasonable doubt based upon Officer Amezola's testimony. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

August 6, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.