Opinion filed December 18, 2020



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00018-CR

_____

## CARLTON LEON PROCTOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CR151280**

### MEMORANDUM OPINION

Appellant, Carlton Leon Proctor, was charged by information with the misdemeanor offense of operating a vehicle in a public place while intoxicated (driving while intoxicated). The jury convicted Appellant, and the trial court assessed his punishment at sixty days' confinement in the county jail and a fine in the amount of $1,000. The trial court sentenced Appellant accordingly. He now

appeals, challenging the sufficiency of the evidence to support his conviction. We affirm.

## I. *Factual Background*

Appellant was involved in a vehicular accident near the intersection of Garfield Street and Industrial Avenue in Midland, Texas. Officer Deanna Torres of the Midland Police Department was dispatched to Midland Brake & Tire, a business located near the scene of the accident. At the accident scene, Francis Cheauma advised Officer Torres that he had been involved in a hit-and-run accident with a gray or silver Hummer bearing the license plate "CARLTON." The driver of the Hummer was not at the scene. Officer Torres checked the license plate description to determine the identity of the vehicle's registered owner. After determining that a Hummer was involved in the accident and that Appellant was the registered owner, Officer Torres immediately went to Appellant's address.

When Officer Torres did not locate the Hummer at the registered address, she resumed her normal patrol route. Approximately thirty minutes later, Officer Torres observed a vehicle matching the same description as the Hummer. She thereafter initiated a traffic stop. Officer Torres testified that she approached the Hummer and noticed that Appellant was acting "a little excited, maybe nervous." Because of Appellant's suspicious behavior, Officer Torres eventually requested that Appellant step out of the Hummer.

After exiting the Hummer, Appellant told Officer Torres that he had prescriptions for Lortab and Xanax and that he had taken both drugs approximately one and one-half hours earlier. Officer Torres thereafter administered standardized field sobriety tests to determine if Appellant was impaired. The tests included a horizontal gaze nystagmus test (HGN), a walk-and-turn test, and a one-leg-stand test.

Officer Torres testified that she observed "clues on both [of Appellant's] eyes" during the HGN test. Officer Torres's observations indicated to her that Appellant was under the influence of "some substance." Officer Torres further testified that Appellant exhibited four of eight clues on the walk-and-turn test and three of four clues on the one-leg-stand test—all of which were additional indicators of Appellant's intoxication. Based on the totality of the circumstances, including Appellant's involvement in a vehicular accident, his failure to remain at the accident scene, his excited and nervous behavior, his admission to taking prescription drugs, and the results of the administered field sobriety tests that showed clear signs of intoxication, Officer Torres concluded that Appellant's mental and physical faculties were impaired. Consequently, Officer Torres arrested Appellant for driving while intoxicated. Because Appellant would not consent to a blood draw, law enforcement requested and obtained a warrant for a sample of Appellant's blood for analysis. The blood draw occurred approximately three hours after Officer Torres first encountered Appellant.

Sarah Martin of the Texas Department of Public Safety Crime Laboratory in Austin performed the toxicology analysis on Appellant's blood sample. The toxicology analysis was positive for the presence of alprazolam (also referred to as Xanax) and hydrocodone. Appellant's blood sample contained 0.13 milligrams per liter of alprazolam and 0.12 milligrams per liter of hydrocodone. Martin testified that the acceptable therapeutic range for alprazolam is 0.02–0.06 milligrams per liter, and 0.03–0.25 milligrams per liter for hydrocodone. According to Martin, Appellant's measured levels were within the acceptable therapeutic range for hydrocodone but exceeded the acceptable therapeutic range for alprazolam.

Martin explained that the medications detected in Appellant's blood are recognized central nervous system depressants that can reduce one's reaction rate and coordination, cause drowsiness and disorientation, and cause a person to

perform poorly on field sobriety tests. At trial, the State introduced the dash-cam recording of the field sobriety tests administered by Officer Torres, which showed Appellant's performance on the walk-and-turn and one-leg-stand tests. The State also introduced the U.S. Food and Drug Administration's (FDA) descriptions and warnings for both drugs that caution users against operating machinery or driving a vehicle after ingesting and while under the influence of these drugs.

## II. *Standard of Review*

In Appellant's sole issue, he challenges the sufficiency of the evidence supporting his conviction. We review a challenge to the sufficiency of the evidence, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all of the evidence admitted at trial, including improperly admitted evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). As such, we defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. The *Jackson* standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts.

4

*Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 732; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder.  *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination.  *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

### III. *Analysis*

Appellant asserts that the evidence presented at trial is insufficient to prove that he was intoxicated because (1) he had not consumed alcohol and (2) the toxicology findings showed he was within the acceptable therapeutic range for hydrocodone and only "slightly above" the acceptable therapeutic range for alprazolam.  Appellant's arguments are not persuasive.

A person commits the offense of driving while intoxicated if the person is "intoxicated while operating a motor vehicle in a public place."  TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2020).  The term "intoxicated" means "not having the normal use of mental or physical faculties *by reason of the introduction of* alcohol, a controlled substance, *a drug*, a dangerous drug, a combination of two or more of those substances, *or any other substance into the body*."  *Id.* § 49.01(2)(A) (West 2011) (emphasis added).

For purposes of intoxication, a person is impaired if he has lost the normal use of his mental or physical faculties.  Impairment may be proven by direct or circumstantial evidence, and to establish a person's guilt, the latter is as probative as the former.  A conviction for driving while intoxicated can be supported solely by circumstantial evidence.  *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010); *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004); *Smithhart v. State*, 503 S.W.2d 283, 285 (Tex. Crim. App. 1973).

5

The "DWI statute provides a definition of 'intoxicated' that focuses on the state of intoxication, not on the intoxicant." *Ouellette v. State*, 353 S.W.3d 868, 869 (Tex. Crim. App. 2011). Therefore, proving an exact intoxicant is not an element of the offense. *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004). Rather, it is an evidentiary issue that may be proved by circumstantial evidence. *Id.* As such, the specific conduct prohibited under the statute is the act of driving while in a state of intoxication. *Bagheri v. State*, 119 S.W.3d 755, 762 (Tex. Crim. App. 2003).

Texas courts have consistently held that the testimony of a peace officer that a person is intoxicated can provide sufficient evidence to establish the element of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Officer Torres testified that, during the traffic stop, Appellant appeared nervous and excited. Officer Torres administered standardized field sobriety tests, the results of which indicated a number of "clues." In light of these indicators, Appellant's nervous state, his admission to having ingested prescription drugs that day, and Officer Torres's observations, Officer Torres concluded that Appellant was intoxicated. Therefore, Officer Torres's testimony is probative and, without more, is sufficient to establish Appellant's guilt. Nonetheless, the State presented additional evidence of Appellant's intoxication.

Courts have also held that a defendant's admission to ingesting prescription drugs is relevant to show intoxication and can be sufficient to support a conviction for driving while intoxicated. *Daniel v. State*, 547 S.W.3d 230, 237 (Tex. App.— Eastland 2017, no pet.); *Crouse v. State*, 441 S.W.3d 508, 513–15 (Tex. App.— Dallas 2014, no pet.). Nevertheless, proof of intoxication caused by the introduction of a drug or another substance into one's body must be supported by reliable expert testimony as to how the drug or other substance affected that person. *Everitt v. State*,

6

407 S.W.3d 259, 263 (Tex. Crim. App. 2013); *Layton v. State*, 280 S.W.3d 235, 242 (Tex. Crim. App. 2009); *Smithhart*, 503 S.W.2d at 286.

In this instance, Appellant admitted to ingesting prescription drugs, i.e., alprazolam and hydrocodone, earlier in the day. Law enforcement requested and lawfully obtained a search warrant for a sample of Appellant's blood. Martin performed the toxicology analysis of Appellant's blood sample, and it was positive for the presence of both drugs. Although the acceptable therapeutic levels for these drugs varied, Martin testified that the residual effects of these drugs could cause drowsiness and disorientation and could cause a person to experience a reduction in coordination and reaction time. Moreover, and because of these recognized side effects, the FDA issued warnings about operating a vehicle after having ingested these drugs. Here, Martin's testimony was reliable and focused, in part, on the causal effects of Appellant's ingestion of alprazolam and hydrocodone. As such, this evidence is also sufficient to support the jury's finding of intoxication.

Another factor supporting the jury's finding of guilt is the "consciousness of guilt" associated with a defendant's refusal to consent to a blood draw. *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008); *see* TEX. TRANSP. CODE ANN. § 724.015(1) (West Supp. 2020) (warning that refusal to provide a requested specimen may be admissible in a subsequent prosecution). Here, the State presented testimony that Appellant refused to consent to a blood draw. Although refusal does not create a presumption of guilt, it does constitute additional circumstantial evidence of intoxication, a "consciousness of guilt," from which a jury could rationally infer Appellant's intoxication. *Bartlett*, 270 S.W.3d at 153. This evidence, combined with the testimony of Officer Torres and Martin, is sufficient to support a finding of intoxication.

Appellant further contends that the State failed to establish who was at fault for the "hit-and-run" accident and that no evidence showed he was driving

erratically. This argument is of no consequence because the State is not required to prove fault or Appellant's involvement in the accident to prove the charged offense. Here, it is undisputed that Appellant was involved in an accident, which, circumstantially and to Appellant's detriment, is some evidence of his intoxication. *See Kuciemba*, 310 S.W.3d at 462–63.

Finally, Appellant claims that his poor performance on the field sobriety tests was the result of his recent hip surgery. However, the record is devoid of any evidence showing that Appellant's health or physical condition affected his ability to perform these tests adequately. The dash-cam video does show that Appellant advised Officer Torres that he had recently undergone hip surgery. Nevertheless, Appellant did not request any special accommodations or express that his postsurgical condition would affect his ability to perform any test satisfactorily. Furthermore, Officer Torres testified that she did not observe or suspect any apparent injury or other physical malady during Appellant's field sobriety tests that would have prevented him from complying with her commands. Therefore, this argument is without merit.

## IV. *Conclusion*

We have reviewed the evidence in the light most favorable to the jury's verdict. Under the applicable standards of review, we presume that the jury resolved any evidentiary conflicts in favor of the verdict, and we defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Here, irrespective of Appellant's claims (with which we disagree), we conclude that sufficient evidence was adduced by the State from which a rational factfinder could have inferred and found beyond a reasonable doubt that Appellant was intoxicated as charged in the information. Accordingly, because sufficient evidence supports Appellant's conviction for driving while intoxicated, we overrule Appellant's sole issue on appeal.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


December 18, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.